```
                    UNITED STATES FEDERAL COURT
                  FOR THE DISTRICT OF PUERTO RICO


Manuel R. Jimenez                )
                                 )
Plaintiff                        )
                                 )    Number .
Vs                               )
                                 )    _____
                                 )    Medical Malpractice
United States of America         )
                                 )
Defendant                        )
```

## I. JURISDICTION

Comes now the Plaintiff, Manuel R. Jimenez, by and through counsel, and states and alleges as follows :

1. The Plaintiff, Manuel R. Jimenez, is and at all times herein relevant has been a resident of San Juan, Puerto Rico, and presently resides at Urb. Country Club, Calle Oliva Paoli #1168, San Juan, Puerto Rico , 00924. He is a Vietnam Veteran of the United States Army.

2. The defendant, the United States of America, amenable to suit under the provisions of the FEDERAL TORT CLAIMS ACT, 28 USC § § 1346 (b) , 2671-2680.

3. On September 25, 2018 , in conformity with 28 USC § 2675 , the plaintiff presented a written notice to the VA Caribbean Healthcare System, address 10 Calle Casia, San Juan, PR 00921, setting forth plaintiff's claim for damages in the amount of Three million U.S. dollars. On February 27, 2020, plaintiff received notification by certified mail of the denial of plaintiff's claim.

[Pleading title summary] - 1

4. Jurisdiction over this action is conferred upon this court by 28 USC § 1346(b). Venue in this court is proper under 28 USC § 1402(b).

5. The VA Caribbean Healthcare System is owned by the defendant and managed by Veteran's Administration of the United States of America pursuant to the statutory authority granted in 38 USC.

## II. Parties

1. Plaintiff, Manuel R. Jimenez, with the address of Urb. Country Club, Calle Oliva Paoli #1168, San Juan, Puerto Rico , 00921, is the negligence plaintiff under Federal Tort Claims Act ( FTCA) 28 USC § 1346(b) , 2671-2680, torts claim procedure , who suffered injury at San Juan VA Medical Center,

2. Defendant, the United States of America, who is the owner of the VA Caribbean Healthcare System located in San Juan, Puerto Rico located at 10 Calle Casia, San Juan, and PR 00924 and is responsible for any medical malpractice actions committed in the same against any veteran, according to the Federal Tort Claims Act as mentioned above.

## III. Allegations Common to all Counts

1. Since 2014, I have complained to the Department of Veterans Affairs about my poor vision. The constant change in my glasses affects me in a negative manner as it produces dizziness and blurry vision.

2. On January 2016, I went to examine my vision in order to attempt to receive new eyeglasses. In that meeting, I complain, once again, about dizziness and poor vision with and without my glasses. The doctors informed me that I was suffering from a cataract; however, I could not be operated on because I did not comply with the requirement of being seventy ( 70) years old.

3. On April 2016, I informed my regular health provider at the San Juan VA Medical Center PINO area about this denial. Dr. Rodriguez Zavala refers me to Dr. Hann in the Ophthalmology Department.

4. On June 2, 2016, I had surgery to fix the cataract on my right eye. This procedure was executed without providing me with an informed consent file which informed me that an Intern would be performing the surgery. As a result, I was deceived as I had reasonable

expectations that a licensed doctor would perform the surgery, instead of an intern.

5 On June 2016 , the surgery on my right eye commenced at 9:00 am and was finished at 9:22 am. I proceeded to go to the recovery room at about 10:00 am. I exited the recuperation room at about 10:45 am and I had arrived at my house at around 11:30 am to begin my post-op treatment with all my medicines at hand.

6. Oct 2016, my surgery to extract the cataract on my left eye was scheduled for Oct 18, 2016, yet on October 17, 2016, it was rescheduled to October 21, 2016.

A. The surgery was performed on October 21, 2016, which was practiced without adequate sedation. I complained a various amount of times about major pains. I attribute this pain to the medical malpractice to Dr. Perez Arroyo.

B. On September 25, 2018 , Plaintiff  Manuel R. Jimenez filed a complaint against the VA Caribbean Healthcare System of San Juan in which he alleges that the surgery performed on October 21,2016 was executed in an inappropriate manner because he was operated without anesthesia and thus this procedure  has caused HIM permanent damage to his left eye. Mr. Jimenez completed the administrative process on February 27, 2020, when he was officially denied his damage claim by the San Juan VA Medical Center. This allows the Plaintiff until August 27,2020 to file a claim utilizing  the six month term found in the Federal Torts Claim Act 28 USC § § 1346 .

C. According to our expert witness, Todd A. Lefkowitz ,MD, said the following :

" a successful cataract surgery outcomes depend upon meticulous technique, in which the integrity of the posterior capsule and zonules (of the eyes)  are preserved. This allows for perfect centration of the intraocular lens implant post-operatively. Sharp vision requires that the implant stay centered in the capsular bag.

If a capsular or zonular break occurs during surgery, it will be difficult to maintain implant centration . This can ultimately result in implant discolocation ; monocular diplopia can manifest itself. Often, this situation requires implant reposition or more complicated implant or exchange. "

D. Based on the findings of the expert witness, he came to the following conclusions:

In the left eye initial cataract surgery, it is not stated that there were intraoperative issues involving the capsules or zonules. However, the subsequent temporal discolation noted in October 2016, had to have occurred as a result of loss of integrity of the posterior capsules or zonules during surgery.

A reposition and suturing of the implant was performed in November, using a pars plana-vitrectomy. By December 2016, monocular diplopia was noted, and exam revealed an inferior dislocation. By February, 2020, Dr Collazo decided to defer any further surgery to

remedy the dislocation.

**The surgeon, who performed the cataract surgery in October 2016, fell below the standard of care for cataract surgery by failing to preserve capsular and zonular integrity, thus allowing for implant dislocation. The subsequent reposition surgery was unsuccessful in repositioning the implant. The surgery to reposition the implant should have been performed by an appropriately trained retinovitreous surgeon, in order to ensure a successful procedure. (Emphasis Added).**

F. According, to the opinion of our medical expert witness**, a deviation from the standard in the correct treatment that the Plaintiff required ,and was not given, the result was that he suffered extensive damage to his left eye because of the development of the condition of monocular diplopia ; due to the fact that as the exam revealed, there was an inferior dislocation as was specifically explained in the expert's conclusion. ( Emphasis added).**

G. Due to the Plaintiff's condition at the moment, he is in great need of another operation to correct the damages caused by deviation the mentioned before. However, Dr. Collazo, the Plaintiff's private Oftalomogist, suggested that another operation would be a very risk procedure considering the Plaintiff's age and his previous medical conditions like diabetes. The Plaintiff is 72 years old as of July 28, 2020.

## IV. Causes of Action

A. Due to the facts alleged in the paragraph III , the Plaintiff has suffered, is suffering , and will suffer physical and mental damages honestly calculated in the amount two million  US dollars ( 2,000,000.00).

## V. Medical Cost

B. Due to the facts alleged in the paragraph III , the Plaintiff has incurred, is incurring , and will incur in medical expenses calculated in the amount of two hundred thousand US dollars ( 200,000.00 ).

## VI. Loss of Income

C. Due to the facts alleged in the paragraph III , the Plaintiff  has an estimate loss of income of forty-thousand US dollars ( 40,000.00).

Submitted on: July 31, 2020

Wherefore, it is respectfully requested from this Honorable Court to grant Plaintiff his prayer for judgment against the United States for damages, past, present , and future , and medical expenses , pain and suffering, loss of enjoyment of life, attorney's fees and cost , loss of income, impairment of earning capacity, and for such further and additional relief  as the court deems just and proper under the circumstances.

**WE HEREBY CERTIFY:** That on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

S/Hector M. Alvarado-Tizol, ESQ
USDC-PR NUMBER 120103
Puerto Rico District Court
Bar. No. 22676
AVE DE HOSTOS 450
HATO REY, SAN JUAN, PR 00918
TELEPHONE 1- (973)-873-8331
